IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG S.A.,<br><br>      Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>      Defendant. | Case No. 2:17-cv-00534<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S ANSWER TO
PLAINTIFF UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Apple Inc. ("Apple"), as and for its answer to Plaintiff Uniloc USA, Inc. and Uniloc Luxembourg S.A.'s (collectively, "Uniloc") Complaint for Patent Infringement, states as follows:

**THE PARTIES**

1. Apple lacks information sufficient to admit or deny the allegations of paragraph 1 of the Complaint.

2. Apple lacks information sufficient to admit or deny the allegations of paragraph 2 of the Complaint.

3. Apple admits that it is a California corporation having a principal place of business in Cupertino, California. Apple further admits that it operates retail stores at 2601 Preston Road, Frisco, TX and at 6121 West Park Boulevard, Plano, TX. Apple admits that it offers products and services, including certain models of iPhones, iPads, Apple Watches, iPod

Touches, and Mac computers, for sale to customers in Texas and in this District. Apple admits that it may be served with process through its registered agent for service in Texas. Apple denies the remaining allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Apple admits that Uniloc's Complaint purports to state a cause of action for patent infringement under the patent laws of the United States, and that the Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Apple denies that it has committed acts of patent infringement, whether in this District or elsewhere. Apple denies that 28 U.S.C. § 1367 provides a basis for jurisdiction in this case.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,622,018

5. This paragraph incorporates by reference paragraphs 1-4 of Uniloc's Complaint. Apple therefore incorporates by reference its answers to those paragraphs, as set forth above.

6. Apple admits that a document appearing on its face to be U.S. Patent 6,622,018 ("the '018 Patent") was attached to the Complaint. Apple further admits that the '018 Patent is entitled "Portable Device Control Console With Wireless Connection," and that the face of the '018 Patent states that it issued on September 16, 2003. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 6 of the Complaint.

7. Apple lacks information sufficient to admit or deny the allegations of paragraph 7 of the Complaint.

8. Apple denies the allegations of paragraph 8 of the Complaint.

9. Apple denies the allegations of paragraph 9 of the Complaint.

10. Apple denies the allegations of paragraph 10 of the Complaint.

11. Apple denies the allegations of paragraph 11 of the Complaint.

12. Apple denies the allegations of paragraph 12 of the Complaint.

13. Apple denies the allegations of paragraph 13 of the Complaint.

14. Apple admits that a copy of a document appearing on its face to be U.S. Patent 6,622,018 was served on it with the Complaint. Apple denies the remaining allegations of paragraph 15 of the Complaint.

15. To the extent that paragraph 14 of the Complaint contains any factual allegations, Apple denies them. Apple denies that Uniloc has, or can "reserve," a "right to discover and pursue" allegations relating to devices or software that are not accused of infringement in the Complaint.

16. Apple denies the allegations of paragraph 16 of the Complaint.

## DEFENSES

Apple alleges the following defenses to the claims set forth in Uniloc's Complaint. Apple undertakes the burden of proof only with respect to those defenses where that burden rests with Apple by law.

### First Defense – Unpatentability

1. The claims of the '018 Patent are directed to abstract ideas or other subject matter that is not patent-eligible under 35 U.S.C. § 101.

### Second Defense – Invalidity

2. The claims of the '018 Patent are invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### Third Defense – Non-Infringement

3. Apple has not infringed, whether directly or indirectly, through contributory infringement or inducement, any claim of the '018 Patent, literally or under the doctrine of equivalents.

### Fourth Defense – Failure to State a Claim

4. Uniloc's Complaint fails to state a claim upon which relief could be granted.

### Fifth Defense – Prosecution History Estoppel

5. Uniloc's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent application resulting in the patent-in-suit before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

### RESPONSE TO UNILOC'S PRAYER FOR RELIEF

Apple denies that Uniloc is entitled to any relief whatsoever under the Complaint, including the relief requested in paragraphs A through D of Uniloc's Prayer for Relief.

Date: August 11, 2017

Respectfully submitted,

By: */s/ Michael Pieja*
Michael T. Pieja (*pro hac vice*)
Alan Littmann (*pro hac vice*)
Jennifer Greenblatt
Doug Winnard (*pro hac vice*)
Emma C. Neff (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 West Randolph Street
Chicago, IL 60662
Telephone: (312) 381-6000
Facsimile: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
eneff@goldmanismail.com

Melissa R. Smith
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450

Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.'S COMPLAINT FOR PATENT INFRINGEMENT was filed electronically this 11th day of August, 2017, in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

Dated: August 11, 2017

/s/ *Michael T Pieja*
Michael T. Pieja (*pro hac vice*)