James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617-456-8000
Facsimile: 617-456-8100

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651

ATTORNEYS FOR THE PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC; and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case Nos. 3:18-cv-00360-WHA <br> 3:18-cv-00363-WHA <br> 3:18-cv-00365-WHA <br> 3:18-cv-00572-WHA <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION, PURSUANT TO CIVIL LOCAL RULE 7-9(a), FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019, ORDER RE SEALING OF ORDER ON MOTION TO DISMISS AND MOTION TO JOIN PARTY, AND ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO INTERVENE** |

PLEASE TAKE NOTICE THAT, pursuant to Civil Local Rule 7-9(a), Plaintiffs, Uniloc 2017 LLC and Uniloc Luxembourg, S.A., (collectively, "Uniloc"), respectfully move for leave to file the attached Motion for Reconsideration of the Court's January 17, 2019, Order re Sealing of Order on Motion to Dismiss and Motion to Join Party, Dkt. No. 158, and Order Re Administrative Motions to File Under Seal and Motion to Intervene, Dkt. No. 159.[1]  The instant Motion and the reconsideration requested apply to all of the above-captioned cases.

Defendant Apple Inc. ("Apple") informed Uniloc that Apple does not oppose this motion for leave to file a motion for reconsideration.

Third-party Electronic Frontier Foundation ("EFF") informed Uniloc that EFF does not oppose the motion for leave to file a motion for reconsideration.

I.   **EVENTS LEADING UP TO JANUARY 17, 2019**

On Thursday, October 25, 2018, Apple moved to dismiss these cases for lack of subject matter jurisdiction, arguing that a series of transactions various Uniloc entities used to allocate their rights in the patents-in-suit left no party at all with constitutional standing to sue.  *See* Dkt. No. 135. Accompanying this substantive motion was Apple's Administrative Motion to Seal, wherein Apple sought to seal portions of its memorandum and most of the exhibits submitted therewith.  *See* Dkt. No. 134.  Uniloc had no advance notice of the contents of the brief and identity of the exhibits.

Four days later, on Monday, October 29, 2018, pursuant to Civil Local Rule 79-5(e)(1), Uniloc submitted a declaration in support of Apple's motion to seal and redact more than 150 pages that accompanied Apple's motion to dismiss.  *See* Dkt. No. 137.

On November 12, 2018, Uniloc opposed Apple's motion to dismiss, *see* Dkt. No. 142, and similarly sought to seal portions of its memorandum and several exhibits submitted therewith, *see* Dkt. No. 141.  Apple filed its reply on November 27, 2018, *see* Dkt. No. 147, and again sought to seal the memorandum and several exhibits, *see* Dkt. No. 146.

On December 26, 2018, in a case in Delaware involving one of the same patents, Motorola Mobility, LLC ("Motorola"), filed a nearly identical motion to dismiss.  *See Uniloc USA, Inc. v. Motorola Mobility, LLC*, C.A. No. 17-1658 (CFC), Dkt. No. 58 (Dec. 26, 2018).  Motorola

---

[1] For the sake of simplicity, all docket citation herein are to Case No. 3:18-cv-00360-WHA.

submitted with that motion nearly all of the same exhibits that Apple submitted with Apple's motion. *Id.*, Dkt. Nos. 58-1 to 58-3 (combined sealed exhibits).[2] Motorola's exhibits were accepted under seal.

On January 9, 2019, just one day before this Court heard oral arguments on Apple's motion to dismiss, third-party Electronic Frontier Foundation ("EFF") moved to intervene for the purpose of opposing the parties' motions to seal. *See* Dkt. No. 152.

On January 17, 2019, four days before Uniloc's deadline to respond to EFF's motion to intervene, this Court denied Apple's motion to dismiss and granted Uniloc's earlier motion to join Uniloc 2017 as a party. *See* Dkt. No. 157 ("Order on Motion to Dismiss"). The Court also issued an order sealing the Order on Motion to Dismiss for two weeks, pending appellate review. *See* Dkt. No. 158 ("Order re Sealing of Order"). Finally, the Court denied Uniloc and Apple's motions to seal with respect to the motion to dismiss, granted EFF's motion to intervene as to appellate review only and otherwise denied EFF's motion to intervene. *See* Dkt. No 159 ("Order on Motions to File Under Seal").

## II. EVENTS SINCE JANUARY 17, 2019

Following the Court's January 17 Orders, non-party Fortress Credit Co. LLC ("Fortress") retained counsel to address its concerns regarding publication of information contained in some of the materials the parties previously sought to seal. In light of EFF's motion to intervene and the Court's January 17 Orders, counsel for Fortress and Uniloc thereafter reviewed all of the materials that were the subject of the parties' motions to seal, with the intent of identifying those portions of the documents that could be made public without vitiating their—and over one-hundred other third parties'—trade secrets. Counsel for Fortress and Uniloc then spoke with counsel for EFF and Apple, and provided them with all of the retrenched redactions.

For example, approximately two-third of Apple's opening memorandum was redacted by Apple, based upon information that Uniloc had designated as confidential. But, after further

---

[2] This includes, for example, an *identical* "Timeline and Summary of Division of Rights" that both Apple and Motorola submitted as Appendix A to their respective motions. Common exhibits that both Apple and Motorola submitted include, *inter alia*, the following sealed documents in the docket of Case No. 3:18-cv-00360-WHA: Nos. 135-2, 135-5, 135-6, 135-7, 135-8, 135-11, 135-12, 135-13 and 135-14. Each of these nine documents was accepted under seal in the *Motorola* case.

review, Uniloc proposes to redact just eight total phrases, each spanning between one to five words. The remaining redactions in this memorandum relate to specific dollar figures and financial terms from Fortress and Uniloc's agreements, or licensing income to Uniloc. Uniloc also reviewed the Court's Order on Motion to Dismiss, and identified four particular terms—each, again, a monetary figure—that it proposed to redact, with the rest made public. To expedite the public's access to the Court's Order on Motion to Dismiss, on February 1, 2019, Uniloc filed an unopposed administrative motion to file a version of that Order with just the four, short redactions. *See* Dkt. No. 164. Of course, by the simple of act of filing the Unopposed Administrative Motion to File Redacted Document on the Public Record, Dkt. No. 164, with just the four short redactions, that document was entered onto the public and is now available to the public.

On January 29, 2019, Uniloc filed an unopposed administrative motion for a brief stay of the Court's Order re Sealing of Order and Order on Motions to File Under Seal, *see* Dkt. No. 162, which motion the Court granted on January 30, 2019, *see* Dkt. No. 163. Pursuant to that Order:

- The two orders regarding sealing were extended to thirty days from the date of those Orders, during which time Uniloc might either seek appellate review or request leave to move for reconsideration under Civil Local Rule 7-9.

- If Uniloc were to file an appeal, then the materials shall remain under seal until the appellate process is complete.

- If Uniloc were to file a motion for leave to file a motion for reconsideration—as it does here—then the materials shall remain under seal for two weeks after this Court either denies such motion for leave or, if granted, two weeks after this Court rules upon such motion for reconsideration.

Finally, one of the documents submitted by Apple requires particular attention. This document is a loan and shares-purchase agreement between Uniloc and Fortress. *See* Dkt. No. 135-2.[3] The exhibit Apple submitted is twenty-six pages long, and both Uniloc and Fortress concluded that most of it may be made public; there are just five proposed redactions across the first twenty-three pages, covering highly confidential financial terms.

---

[3] The complete name of the document is the Conformed Revenue Sharing and Note and Warrant Purchase Agreement between Uniloc USA, Inc., Uniloc Luxembourg S.A., Uniloc Corporation PTY Limited, D/A Investment Holdings LLC, and Fortress Credit Co LLC, dated December 30, 2014, as amended February 24, 2015, May 27, 2016 and May 15, 2017.

However, in addition to the confidential financial terms, this Uniloc-Fortress document at Dkt. No. 135-2 includes, over the last three pages, confidential and proprietary information of more than one-hundred third-parties to this litigation. In particular, these last three pages include a list of 109 licenses into which Uniloc had entered between 2010 and mid-2017. *See id.* at 24-26. This list specifically discloses the third-party licensees' names, the dates of the licenses and the amounts paid for each license. Each such set of information is covered by a separate agreement. And, each such separate agreement includes a confidentiality provision, wherein both Uniloc and the licensee—a third-party to the current litigation—declare that the information contained therein is proprietary and confidential.[4] In other words, the Court's order would disclose the proprietary and confidential information of more than one-hundred *third-parties* to this litigation. As such, Uniloc's counsel reviewed the licenses at issue; identified the contact person(s) for each third-party; and sent letters to each, asking for their input as to whether they object to their information being made public. Thus far, a substantial majority of those who have responded object to any information being disclosed. Many others object to the settlement amounts being disclosed. Uniloc agrees: The confidentiality of this information is vital to these third parties and to Uniloc. Disclosure of it would severely impact all of these entities' abilities to compete.

Notably, though, even with the redactions now proposed, somewhere on the order of 95% of the previously sealed materials would now be made public, and made publicly almost immediately upon this Court's order granting the proposed motion for reconsideration.

## III.   LAW

Civil Local Rule 7-9(a) provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)." Civil Local Rule 7-9(b), in turn, states:

---

[4] Two of the 109 settlements were finalized by email, without formal settlement agreements. Although the emails do not include explicit confidentiality provisions, those settlements were entered into in the course of litigation, and the related cases included protective orders.

**Form and Content of Motion for Leave**.  A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9.  The moving party must specifically show reasonable diligence in bringing the motion and one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

## IV.   DISCUSSION

The above-captioned cases between Uniloc and Apple are currently stayed, pending IPRs of several of the patents-in-suit.  As such, there has been no "entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case," and so the instant motion for leave is timely.  Civ. L.R. 7-9(a).  It is also made within the period set by this Court's Order granting a brief stay of the publication of the sealed documents.  *See* Dkt. No. 163.

This motion for leave is made pursuant to subsections 7-9(b)(1) and (2) of the Civil Local Rules.  In particular, EFF's moved to intervene after all of the briefing was completed and just one day before oral arguments on the substantive motion.  The Court's Order on Motions to File Under Seal was issued before Uniloc even had the chance to respond to EFF's motion.  Further, this Court's Order on Motions to File Under Seal lead to a different result than seen in the District of Delaware, where the same documents were accepted under seal with respect to a nearly identical motion.  Uniloc recognizes that the law of Third Circuit and the practice of the District of Delaware are different than those of the Ninth Circuit and this Court.  As such, Uniloc recognizes that different results were possible between the two courts.  But, still, the outcome came as a surprise.

In any event, the Court's Order prompted Uniloc and non-party Fortress to rereview the materials the parties sought to seal.  Taking these into account, Uniloc and Fortress identified those portions of the matters submitted under seal that could be made public without (significant) damage

to their trade secrets. Uniloc's counsel also reached out to more than one-hundred third parties whose confidential and proprietary information will otherwise be disclosed. Approximately forty third-parties responded—including up through the date of the filing of this motion for leave—and many asked that Uniloc provide declarations or statements to the Court regarding the harm that would be caused to them if certain information were made public. Reconsideration is therefore appropriate because the Court did not have the benefit of information from all of these non-parties and third parties. *See, e.g., Oracle America, Inc. v. Google Inc.*, No. 10-cv-03561-WHA (DMR) at 5 (C.D. Cal. Mar. 21, 2016) (ECF No. 1541) (granting reconsideration based on newly presented declaration and finding good cause to seal non-public information that could pose a risk of competitive harm); *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 694745, at *1-2 (N.D. Cal. Mar. 1, 2012) (granting motion for reconsideration of denial of sealing motion after further submissions demonstrated that information, if publically disclosed, would put party at competitive business disadvantage). As will be discussed more fully in Uniloc's motion for reconsideration, the proposed retrenchment is significant.

It is also worth noting that Local Rule 79-5(e)(1) allowed Uniloc only four days—two of which were over the weekend—within which to review the documents Apple submitted with its motion. And yet, now, even with four weeks to attempt to address the Court's concerns since January 17, 2019, it has been a stretch to attempt to work with Fortress and the third-parties to identify exactly what should or should not remain under seal. Indeed, responses from third-parties were still coming in the day that this Motion was filed.

Finally, should the Court grant the motion for reconsideration, the parties will be able to avoid interlocutory appeal with respect to their motions to seal.

**V.    CONCLUSION**

For the reasons set forth above, Uniloc respectfully requests that the Court grant Uniloc leave to file the attached motion for reconsideration.

| | |
|---|---|
| Date: February 15, 2019 | Respectfully submitted,<br><br>*/s/ Aaron S. Jacobs*<br>James J. Foster<br>jfoster@princelobel.com<br>Aaron S. Jacobs (CA No. 214953)<br>ajacobs@princelobel.com<br>PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>617-456-8000<br><br>Matthew D. Vella (CA No. 314548)<br>mvella@princelobel.com<br>PRINCE LOBEL TYE LLP<br>410 Broadway Avenue, Suite 180<br>Laguna Beach, CA 92651<br><br>ATTORNEYS FOR THE PLAINTIFFS |