Alexandra H. Moss (SBN 302641)
alex@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel.: (415) 436-9333
Fax.: (415) 436-9993

Attorneys for Intervenor
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　　Defendant. | Case No.: 3:18-cv-00360 (WHA)<br>　　　　　3:18-cv-00363 (WHA)<br>　　　　　3:18-cv-00365 (WHA)<br>　　　　　3:18-cv-00572 (WHA)<br><br>**NOTICE OF MOTION AND SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019 ORDER DENYING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Date: April 18, 2019<br>Time: 8:00 AM<br>Courtroom 12, 19th Floor<br>Honorable William Alsup |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 18, 2019 at 8:00 AM in Courtroom 12, 19th Floor at the United States Courthouse at San Francisco, California, Proposed Intervenor, Electronic Frontier Foundation ("EFF"), will respectfully move pursuant to Federal Rule of Civil Procedure 24(b) to intervene in this case for the limited purpose of securing an order denying Plaintiffs' Motion for Reconsideration (Doc. 168-1).[1] Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc") oppose this motion. Defendant Apple, Inc. ("Apple") informed EFF that it takes no position on EFF's motion as the motion concerns material that Uniloc designated as confidential.

---

[1] Docket numbers correspond to the docket in case 3:18-cv-00360 (WHA).

i

# MEMORANDUM

## I. INTRODUCTION

The Electronic Frontier Foundation ("EFF") files this second motion to intervene for the purpose of vindicating the public's right to access court records. Uniloc asks this Court to reconsider its January 17, 2019 orders that, unless reconsidered, would give the public full access to pleadings filed in this case. Although Uniloc seeks the sealing of less material than before, its motion for reconsideration still asks this Court to seal records that should be available to the public.

## II. BACKGROUND

The resolution of this dispute between high-profile litigants will have significant implications beyond the parties. *See* EFF Motion to Intervene for Limited Purpose of Opposing Motions to Seal at 1-2 (Doc. 152) ("First EFF Motion"). When Apple moved to dismiss for lack of standing, EFF attempted to read the motion to understand the issues before the Court and how the facts of this case might affect the development of standing law. But there was virtually nothing on the public record to read: the parties sealed at least two-thirds of Apple's motion, including almost the entire *argument* section as well as all attached exhibits.

EFF first contacted counsel for both parties on November 28, 2018 to explain that the redactions in this case were excessive and to request that pleadings be re-filed consistent with the public's right of access. *See* Declaration of Alexandra H. Moss in Support of Second Motion of Electronic Frontier Foundation to Intervene ¶ 2, Ex. A ("Moss Decl."). EFF explained that "it is clear that the redactions go well beyond what is permitted under the law" and asked the parties to revisit the redactions. *Id.* EFF then met and conferred with the parties repeatedly. Counsel for EFF and Uniloc met in person, with counsel for Apple participating telephonically, on December 12, 2018. *See id.* ¶ 3. At that time, Uniloc's counsel agreed to review the pleadings to determine whether any redactions could be removed. After the meeting, EFF followed up on Uniloc's offer to review its redactions in the hope that it would voluntary revise them and re-file. *See id.* ¶ 2, Ex. A. EFF only filed its first motion to intervene once it became

1

Case Nos. 3:18-cv-00360-WHA, -00363-WHA, -00365-WHA, -00572-WHA

SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR NOTICE OF MOTION AND SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019 ORDER DENYING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

clear that Uniloc was not going to re-file any documents before the hearing on Apple's motion. *See id.* ¶ 2-5; First EFF Motion (Doc. 152).

At the hearing, this Court addressed the excessive sealing of documents and information in the standing motion and attached exhibits, and on January 17, 2019, denied in full the parties' administrative sealing motions. *See* Order re Administrative Motions to File Under Seal and Motion to Intervene ("Order re Administrative Motions") (Doc. 159) (noting that Uniloc had even sought to redact quotations of Federal Circuit law). In another order, the Court ruled that the material be placed on the public docket in two weeks unless Uniloc sought appellate review. *See* Order re Sealing of Order on Motion to Dismiss and Motion to Join Party (Doc. 158). The Court granted EFF's first motion to intervene for the purpose of opposing any appeal but otherwise denied it. *See* Order re Administrative Motions at 2 (Doc. 159).

After the Court's January 17 orders, the parties and EFF met and conferred further regarding the redactions and sealing in this case. Uniloc proposed filing a motion for reconsideration in this Court seeking more limited redactions and sealing. *See* Moss Decl. ¶ 4, Ex. B. EFF agreed not to oppose Uniloc's motion for leave in the hope, again, that judicial intervention would not be necessary if the request for sealing were proper. Unfortunately, the remaining redactions show that Uniloc is still asking for more secrecy than it can justify under the compelling reasons standard.

### III. ARGUMENT

#### A. EFF Should Be Permitted to Intervene for the Purpose of Opposing Uniloc's Motion for Reconsideration.

EFF files this second motion to intervene to ensure the public has access to court documents relevant to Apple's motion to dismiss (and thus Uniloc's standing) that the Constitution and common law require. This Court previously granted EFF's motion to intervene for the purpose of opposing an appeal by the parties to the Federal Circuit. *See* Order re Administrative Motions (Doc. 159). EFF does not wish to unnecessarily multiply motion practice, but because its motion to intervene was otherwise denied, it files this motion to ensure it has the requisite status as an intervenor to oppose Uniloc's motion to reconsider the Court's order denying the administrative motions to seal.

2

Case Nos. 3:18-cv-00360-WHA, -00363-WHA, -00365-WHA, -00572-WHA

SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR NOTICE OF MOTION AND SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019 ORDER DENYING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

EFF has standing to assert the public's right of access to courts. *See* First EFF Motion at 4-5 (Doc. 152).[2] Intervention under Rule 24(b) is an appropriate mechanism for seeking access to court records. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100-01 (9th Cir. 1999). As an organization that gathers and disseminates information about the administration of the patent system, EFF's interest in accessing these court records satisfies Rule 24(b)(1)(B)'s "claim or defense" requirement, which courts construe liberally. *See id.* at 1100. Moreover, since Apple is not disputing Uniloc's contentions about the need for confidentiality, the parties are not representing the public's interest in open court proceedings to the full extent of the Constitution and common law.

### B. Uniloc Has Failed to Justify Continued Sealing of Court Documents Given the Public's Overwhelming Interest in Understanding the Legal Basis for its Standing in this Case and Others.

Although Uniloc has significantly reduced the amount of material it is asking this Court to seal, nothing Uniloc has submitted casts any doubt on the correctness of this Court's ruling: all of the material submitted in support and opposition to Apple's motion to dismiss should be available to the public. This is because Uniloc is still asking this Court to seal documents and information that should be public, and it has failed to establish "compelling reasons" to seal the contents and attached exhibits of a dispositive motion. *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). As this Court recognized, the public's interest in the court documents at issue here is especially great "given [how] the law has developed regarding standing issues, which turns on machinations such as those at issue in the instant actions." Order re Administrative Motions at 2:4-6 (Doc 159).

EFF did not oppose the request for leave in recognition of the possibility that reasons might exist to justify its contentions, but Uniloc has again failed to meet its burden. The supporting declaration consists of generalized assertions from counsel about the need for confidentiality instead of concrete explanations for how or why any competitive disadvantage (beyond reputational harm) might affect

---

[2] EFF does not repeat this argument on standing as the Court already acknowledged EFF's standing by granting its original motion for the purpose of opposing any appeal.

3

Case Nos. 3:18-cv-00360-WHA, -00363-WHA, -00365-WHA, -00572-WHA

SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR NOTICE OF MOTION AND SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019 ORDER DENYING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Uniloc's business. Those generalizations fall far short of providing the compelling reasons Uniloc must establish to keep court documents secret.

For example, Uniloc offers especially unpersuasive grounds for sealing a "Heads of Agreement" between Fortress and Craig S. Etchegoyen. In support of sealing, Uniloc simply claims that this is an "employment" agreement. *See* Plaintiff's Notice and Motion for Reconsideration of the Court's January 17, 2019 Order ("Uniloc's Motion for Reconsideration") (Doc. 168-1); *see also* Declaration of Aaron Jacobs in Support of Uniloc's Motion for Reconsideration ¶ 22 (Doc. 168-2) ("Jacobs Decl.") ("The document defines Mr. Etchegoyen's employment and obligations. It is therefore private as to him."). Uniloc cites *Rodman v. Safeway, Inc.*, No. 11-cv-03003, 2014 WL 12787874 (N.D. Cal. Aug. 22, 2014), Uniloc's Motion for Reconsideration at 13, in support of its sealing request, though that case does not even discuss employment agreements. In any event, the relevant document is *not* a mere employment agreement.

Although EFF cannot see the document, publicly available information suggests that it relates to a complex business relationship between two sophisticated parties and includes provisions that bear directly on the merits of Apple's motion. *See* Redacted Version of Apple's Reply Brief in Support of Its Motion to Dismiss at 12 (Doc. 167-20) ("Apple Reply"). Uniloc admits that the document describes "Mr. Etchegoyen's responsibilities as the chief executive officer of several of the Uniloc entities." Uniloc's Motion for Reconsideration at 13:16-17 (Doc. 168-1). Apple argued that this agreement "requires Plaintiffs to use exactly the licensing structure they claimed to be terminating . . . and Plaintiffs have produced no amendments to that earlier contract." Apple Reply at 12. (citing the "Heads of Agreement" at §§ 2.1–2.7). It therefore appears that the agreement could describe, among Mr. Ethegoyen's responsibilities, aspects of a licensing structure that is directly relevant to Uniloc's right to assert the patents-in-suit in this and other cases. To the extent the Court considers those terms in ruling on the standing issue, they are also essential for the public to understand the development of the law.

Uniloc cannot withhold licensing provisions that bear on the merits of a dispositive motion, simply by calling the court filing in which they appear an "employment" agreement. *See Kamakana*, 447

4

Case Nos. 3:18-cv-00360-WHA, -00363-WHA, -00365-WHA, -00572-WHA

SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR NOTICE OF MOTION AND SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019 ORDER DENYING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

F.3d at 1179 ("[T]he strong presumption of access to judicial records applies fully to dispositive pleadings . . . because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process.'") (citations omitted).

Uniloc's request to entirely seal an exhibit relating to a Microsoft settlement and license agreement fares no better. Courts routinely deny requests for blanket secrecy of license agreements. *See Audionics Sys. Inc v. AAMP of Fla. Inc*, No. CV 12-10763-MMM, 2013 WL 12129952 at *3 (C.D. Cal. Dec. 6, 2013) (rejecting request to entirely seal license). Uniloc's failure to narrow its request "not only runs afoul of *Kamakana*, but Civil Local Rule 79-5(a), which states that all sealing requests 'must be narrowly tailored to seek sealing only of sealable material.'" *Mshift, Inc. v. Digital Insight Corp.*, No. C 10-00710 WHA, 2010 WL 2754352 at *2 (N.D. Cal. July 9, 2010). Other than Microsoft's apparent desire to keep this entire agreement secret, Uniloc offers no basis for withholding every word this document (including the boilerplate provisions it presumably contains). Yet, Microsoft's interest in secrecy was not compelling enough for it to intervene in this proceeding and articulate any rationale for blanket secrecy itself.

Finally, Uniloc asks the Court to redact all of the names of its licensees, even those who do *not* object to disclosure. *See* Jacobs Decl., Ex. B at 25-27 (Doc. 168-4). On its face, that request is unjustifiably broad. Uniloc argues that disclosure will put it at a disadvantage in future negotiations, but that generalized assertion cannot justify sealing even to the *names* of the licensees. *See* Uniloc Motion to Reconsider at 3-4, 10 (Doc 168-1). Courts regularly order that licensing agreements be filed publicly with only very limited redactions, redactions that do not extend to the *identities* of licensees. *See, e.g., Autodesk, Inc. v. Alter*, No. 16-CV-04722-WHO, 2017 WL 1862505 (N.D. Cal. May 9, 2017). It is not enough that Uniloc wishes to keep its machinations and the extent of its licensing campaign secret. *See Kamakana*, 447 F.3d at 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its record."). Uniloc "bears the burden of overcoming the strong presumption of public

5

Case Nos. 3:18-cv-00360-WHA, -00363-WHA, -00365-WHA, -00572-WHA

SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR NOTICE OF MOTION AND SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019 ORDER DENYING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

access by articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *MShift*, 2010 WL 2754352 at *1. It has failed to meet that burden for the identities of its licensees. The fact that none of the licensees are seeking to intervene even though disclosure is possible strongly confirms any reasons they might have for preferring confidentiality are not compelling.

### C. The Public Right of Access Requires Immediate Access to Court Records that Have Been Unnecessarily Sealed for More than Four Months.

Apple filed its motion to dismiss for lack of standing on October 25, 2018; the court records at issue have been unnecessarily sealed for more than four months. Uniloc has had ample time and opportunity to articulate and substantiate compelling reasons for continued secrecy, and has failed to do so. The public should not have to wait any longer. The right to access to court proceedings includes the right to timely access. *See Associated Press v. Dist. Court*, 705 F.2d 1143, 1147 (9th Cir. 1983) (holding that a 48-hour delay in unsealing was improper).

The public's interest in timely access is especially pressing here because these ongoing actions and sealed court records are newsworthy. EFF has reported on the standing dispute and excessive sealing in this case, as well as this Court's order denying the administrative motions to seal. *See* Daniel Nazer, *Apple Says Patent Troll Case Should Be Dismissed Because [REDACTED] but the Public Should Know Why*, EFF Deeplinks (January 9, 2019), https://www.eff.org/deeplinks/2019/01/apple-says-patent-troll-case-should-be-dismissed-because-redacted-public-should; Daniel Nazer, *Federal Court Orders That Patent Troll Can't Hide Its Machinations*, EFF Deeplinks (January 18, 2019), https://www.eff.org/deeplinks/2019/01/federal-court-orders-patent-troll-cant-hide-its-machinations. Other media organizations have also reported on this action, the standing dispute, and EFF's efforts to get public access to related court documents. *See EFF Fights Doc Sealing Bid In Apple, Uniloc Patent Row*, Law360 (Jan. 10, 2019), https://www.law360.com/articles/1117036/eff-fights-doc-sealing-bid-in-apple-uniloc-patent-row.


Case Nos. 3:18-cv-00360-WHA, -00363-WHA, -00365-WHA, -00572-WHA

SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR NOTICE OF MOTION AND SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019 ORDER DENYING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Given the strong presumption of public access and importance of providing timely access to ongoing court proceedings, EFF respectfully requests that this Court rule as expeditiously as possible on Uniloc's remaining sealing requests so that the public's right of access can finally be vindicated.

## IV. CONCLUSION

For the foregoing reasons, EFF respectfully asks that the Court deny Uniloc's Motion for Reconsideration (Doc. 168-1) as set forth above.

Dated: March 11, 2019

Respectfully submitted,

By: *Alexandra H. Moss*
Alexandra H. Moss (SBN 302641)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109

Attorney for Intervenor
ELECTRONIC FRONTIER FOUNDATION

7

Case Nos. 3:18-cv-00360-WHA, -00363-WHA, -00365-WHA, -00572-WHA

SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR NOTICE OF MOTION AND SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019 ORDER DENYING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL