# EXHIBIT A

**Subject:** RE: Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00572-WHA
**From:** "Jacobs, Aaron" <ajacobs@princelobel.com>
**Date:** 1/8/19, 11:53 AM
**To:** Daniel Nazer <daniel@eff.org>, Alex Moss <alex@eff.org>, Lauren Abendshien <labendshien@goldmanismail.com>
**CC:** Michael Pieja <MPIEJA@goldmanismail.com>, Doug Winnard <dwinnard@goldmanismail.com>, "Foster, James J." <jfoster@princelobel.com>, "Gannon, Kevin" <kgannon@princelobel.com>, "Bostock, Dean" <DBostock@princelobel.com>

Dan,

Uniloc will oppose a motion to intervene.

Sincerely yours,
    Aaron

**Aaron Jacobs**

▶ PRINCE LOBEL
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

☎ 617 456 8082 direct
🌐 [ajacobs@princelobel.com](mailto:ajacobs@princelobel.com)

---

**From:** Daniel Nazer [mailto:daniel@eff.org]
**Sent:** Tuesday, January 08, 2019 2:48 PM
**To:** Jacobs, Aaron <ajacobs@princelobel.com>; Alex Moss <alex@eff.org>; Lauren Abendshien <labendshien@goldmanismail.com>
**Cc:** Michael Pieja <MPIEJA@goldmanismail.com>; Doug Winnard <dwinnard@goldmanismail.com>; Foster, James J. <jfoster@princelobel.com>
**Subject:** Re: Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00572-WHA

Counsel,

Please let us know today whether your clients consent, take no position, or oppose a motion by EFF to intervene in cases *Uniloc USA, Inc. v. Apple Inc.*, Cases No. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA for the limited purposes of opposing motions to seal.

Best regards,
Daniel

On 1/4/19 4:11 PM, Daniel Nazer wrote:

> Counsel,
>
> Having not heard anything from Uniloc's counsel we assume that it does not plan to re-file new public versions of documents in this case.
>
> EFF intends to file a motion to intervene for the limited purpose of vindicating the public's right of access to court on Wednesday, January 9th.
>
> Please let us know if your client would consent, take no position, or oppose such a motion. We are available if you wish to meet and confer.
>
> Best regards,
>
> Daniel

> On 12/19/18 7:51 AM, Jacobs, Aaron wrote:
>> Daniel,
>>
>> Thanks for reaching out again.  We spoke with our client, and they are reviewing the materials to determine whether there are portions that may be disclosed without harm.  We will let you know once we have something more concrete.
>>
>> Sincerely yours,
>>      Aaron
>>
>> ---
>>
>> **From:** Daniel Nazer [mailto:daniel@eff.org]
>> **Sent:** Tuesday, December 18, 2018 7:46 PM
>> **To:** Alex Moss <alex@eff.org>; Jacobs, Aaron <ajacobs@princelobel.com>; Lauren Abendshien <labendshien@goldmanismail.com>
>> **Cc:** Michael Pieja <MPIEJA@goldmanismail.com>; Doug Winnard <dwinnard@goldmanismail.com>; Foster, James J. <jfoster@princelobel.com>
>> **Subject:** Re: Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00572-WHA
>>
>> Hello Aaron,
>>
>> Thank you again for meeting with EFF last Wednesday. Sorry that I could not make it myself.
>>
>> Does Uniloc intend to revise the redactions to the filings in this matter and refile new public versions? Please let us know this week.
>>
>> Best regards,
>>
>> Daniel
>>
>> On 12/12/18 5:05 PM, Alex Moss wrote:
>>> Aaron and Lauren,
>>>
>>> Thank you for meeting and speaking with us today.
>>>
>>> As discussed, if the parties are willing to revise the redactions to the documents listed below, we would be happy to review them and consider whether they comply with the Ninth Circuit's sealing requirements and thus whether for EFF's intervention is necessary to assert the public's right of access to the court records.
>>>
>>> Regards,
>>> Alex
>>>
>>>
>>> Electronic Frontier Foundation
>>> 815 Eddy Street
>>> San Francisco, CA 94109
>>> (415) 436.9333 x160
>>>
>>>
>>>> On Dec 10, 2018, at 1:09 PM, Daniel Nazer <daniel@eff.org> wrote:
>>>>
>>>> Thank you Aaron. We'll see you at 4pm on Wednesday.
>>>> We're at 815 Eddy Street, San Francisco. We can circulate call-in details closer to the time.
>>>>
>>>> On 12/7/18 11:18 AM, Jacobs, Aaron wrote:
>>>>> That'll work.
>>>>>
>>>>> ---
>>>>> **From:** Michael Pieja [mailto:MPIEJA@goldmanismail.com]

**Sent:** Thursday, December 06, 2018 5:04 PM
**To:** Daniel Nazer <daniel@eff.org>; Jacobs, Aaron <ajacobs@princelobel.com>; Alex Moss <alex@eff.org>
**Cc:** Lauren Abendshien <labendshien@goldmanismail.com>; Doug Winnard <dwinnard@goldmanismail.com>
**Subject:** Re: Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00572-WHA

Daniel and Aaron,

While I'm not available at 4pm Pacific on the 12th, my colleague Lauren Abendshien (CC'ed here) will participate for Apple. Kindly just let her know how best to reach you at that time. Thanks,

Mike

Michael T. Pieja
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
564 West Randolph Street· Suite 400· Chicago· IL· 60661
direct: 312.881.5954 fax: 312.881.5197 cell: 415.420.8963
mpieja@goldmanismail.com·  www.goldmanismail.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under federal tax laws.

**From:** Daniel Nazer <daniel@eff.org>
**Date:** Thursday, December 6, 2018 at 2:36 PM
**To:** "Jacobs, Aaron" <ajacobs@princelobel.com>, Alex Moss <alex@eff.org>
**Cc:** Michael Pieja <MPIEJA@goldmanismail.com>
**Subject:** Re: Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00572-WHA

Hello Aaron,

Thank you for the response. I'll be in Washington D.C. that day but my colleague Alex Moss could meet with you. Perhaps you could visit EFF at 4pm for coffee and to meet & confer. We could teleconference in Apple's counsel so they can join. Would that work?

Best regards,

Daniel

On 12/6/18 8:19 AM, Jacobs, Aaron wrote:

> Daniel,
>
> I am attending a pair of CMCs next Wednesday, December 12, at 2:00 p.m. in San Jose. But, I will be staying in San Francisco, about a half-mile from your office. If you're around, I could meet up with you at about 4:00 p.m. for coffee or the like.
>
> Sincerely yours,
>     Aaron
>
> ---
>
> **From:** Daniel Nazer [mailto:daniel@eff.org]
> **Sent:** Wednesday, December 05, 2018 3:10 PM

**To:** Michael Pieja <MPIEJA@goldmanismail.com>; Jacobs, Aaron <ajacobs@princelobel.com>; Doug Winnard <dwinnard@goldmanismail.com>
**Cc:** Foster, James J. <jfoster@princelobel.com>; Vella, Matthew D. <mvella@princelobel.com>; Alan Littmann <alittmann@goldmanismail.com>; Jennifer Greenblatt <JGreenblatt@goldmanismail.com>; Andrew Rima <arima@goldmanismail.com>; Emma Ross <eross@goldmanismail.com>; Lauren Abendshien<labendshien@goldmanismail.com>; Shaun Zhang <szhang@goldmanismail.com>; Ken Baum<KBaum@goldmanismail.com>; Alex Moss <alex@eff.org>
**Subject:** Re: Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00572-WHA

Counsel,

Thank you Mike for your prompt response on behalf of Apple.

We have not received any response from counsel for plaintiff Uniloc. Please let us know when you can be available to discuss EFF's request. Meeting and conferring may help narrow the issues in dispute.

If we do not hear from counsel for Uniloc by the end of this week, we will assume that it is unwilling to confer and that we must file a motion to intervene and unseal to get the relief we seek.

Best regards,

Daniel

> On 11/29/18 2:52 PM, Michael Pieja wrote:
>
>> Dear Daniel,
>>
>> All of the redacted text (and all the sealed exhibits) in the briefs in question is material Uniloc designated as confidential when upon producing it in discovery. Apple sought to seal this material only because Uniloc's designations required it to do so under the Protective Order in place in this matter. Apple is not making any independent claim that this material is entitled to be sealed, and takes no position on whether Uniloc's requests to seal it are proper.
>>
>> Please do include Apple's counsel on any further correspondence or meet-and-confers regarding this matter. Best regards,
>>
>> Mike
>>
>> Michael T. Pieja
>> **GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
>> 564 West Randolph Street· Suite 400· Chicago· IL· 60661
>> direct: 312.881.5954 fax: 312.881.5197 cell: 415.420.8963

mpieja@goldmanismail.com·
www.goldmanismail.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under federal tax laws.

**From:** Daniel Nazer <daniel@eff.org>
**Date:** Wednesday, November 28, 2018 at 7:45 PM
**To:** "ajacobs@princelobel.com" <ajacobs@princelobel.com>, Doug Winnard<dwinnard@goldmanismail.com>
**Cc:** "jfoster@princelobel.com" <jfoster@princelobel.com>, "mvella@princelobel.com" <mvella@princelobel.com>, Michael Pieja <MPIEJA@goldmanismail.com>, Alan Littmann<alittmann@goldmanismail.com>, Jennifer Greenblatt <JGreenblatt@goldmanismail.com>, Andrew Rima <arima@goldmanismail.com>, Emma Ross <eross@goldmanismail.com>, Lauren Abendshien <labendshien@goldmanismail.com>, Shaun Zhang <szhang@goldmanismail.com>, Ken Baum <KBaum@goldmanismail.com>, Alex Moss <alex@eff.org>
**Subject:** Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00572-WHA

Dear Counsel,

I write on behalf of the Electronic Frontier Foundation regarding *Uniloc USA, Inc. v. Apple Inc.*, Cases No. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

It has come to our attention that some of the public filings in these cases are so heavily redacted that even key parts of the parties' legal arguments are withheld. We specifically object to the redactions in Apple's Notice of Motion and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 149), Plaintiffs' Opposition to Defendant's Motion to Dismiss (Doc. 156), Apple's Reply (Doc. 161), and related exhibits and declarations (docket Nos. in case -00572-WHA).

More than good cause, indeed "compelling reasons," are required to seal documents used in dispositive

motions. *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011). In this case, Apple's dispositive motion to dismiss and Uniloc's response are effectively being withheld from the public (*see, e.g.*, pages 11-21 of Doc. 149). Apple has stated that this material is redacted because it relates to documents that Plaintiffs designated as highly confidential. *See* Doc 134. Plaintiffs have submitted a motion and a conclusory declaration stating that disclosure would cause them harm. *See* Docs. 141, 141-1.

From our review of the pleadings, it is clear that the redactions go well beyond what is permitted under the law. The motion and opposition relate to purported assignment agreements between the plaintiff entities and Fortress. But the parties cannot redact *all* information regarding these agreements, especially where they bear on a dispositive motion.

While courts have allowed some very limited redactions of commercially sensitive terms in patent assignments and licenses, they do not allow parties to engage in the kind of wholesale sealing and redactions seen in this case. *Compare In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (allowing a party to redact "pricing terms, royalty rates, and guaranteed minimum payment terms") *with Autodesk, Inc. v. Alter*, No. 16-CV-04722-WHO, 2017 WL 1862505, at *8 (N.D. Cal. May 9, 2017) (declining to seal provisions of license agreement except for the license amount). Indeed, the law reports are filled with decisions where the terms of patent assignment agreements are discussed openly. *See, e.g.*, *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 617 n.1 (Fed. Cir. 2016) (noting that the appeals court was discussing the terms of the agreements in its public ruling even though they had been designated as confidential during discovery).

As the parties are likely aware, Judge Alsup expects litigants in his Court to follow the Ninth Circuit's strong rule in favor of open courts. *See, e.g.*, Order Approving Stipulated Protective Order Subject to Stated Conditions, *Apple Inc. v. Psystar Corp.*, No. C 08-03251 WHA (attached) (noting that the parties' designations cannot overcome Ninth

Circuit authority requiring access to courts). We ask that the parties refile their pleadings consistent with the First Amendment and common law access to courts.

We hope that we can resolve this issue without the need for EFF to intervene formally in this case. If necessary, however, EFF will move to intervene and ask the court to unredact and unseal improperly withheld material. We note that, on two previous occasions, EFF has successfully moved to intervene in district court patent litigation to seek access to improperly withheld material. *See Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3870069 (E.D. Tex. Apr. 18, 2016); *Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-CV-713-RWS-RSP, 2016 WL 3460763 (E.D. Tex. Apr. 7, 2016). In both cases, EFF ultimately prevailed and the relevant material was placed on the public docket.

Please let us know when you can be available to discuss EFF's request that the parties remove redactions in Docs 149, 156, 161 and related pleadings.

Regards,

Daniel Nazer

```
--
Daniel Nazer
Senior Staff Attorney & Mark Cuban Chair to Eliminate Stupid Patents
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333 x149
```

https://www.eff.org/join

```
--
Daniel Nazer
Senior Staff Attorney & Mark Cuban Chair to Eliminate Stupid Patents
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333 x149
```

https://www.eff.org/join

---

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

---------------------------

IRS Circular 230 Disclosure: Any federal tax advice or
information included in this message or any attachment is
not intended to be, and may not be, used to avoid tax
penalties or to promote, market, or recommend any
transaction, matter, entity, or investment plan discussed
herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax
structure of any transaction addressed herein.

--
Daniel Nazer
Senior Staff Attorney & Mark Cuban Chair to Eliminate Stupid Patents
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333 x149

https://www.eff.org/join

--
Daniel Nazer
Senior Staff Attorney & Mark Cuban Chair to Eliminate Stupid Patents
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333 x149

https://www.eff.org/join

--
Daniel Nazer
Senior Staff Attorney & Mark Cuban Chair to Eliminate Stupid Patents
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333 x149

https://www.eff.org/join

--
Daniel Nazer
Senior Staff Attorney & Mark Cuban Chair to Eliminate Stupid Patents
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333 x149

https://www.eff.org/join

--
Daniel Nazer
Senior Staff Attorney & Mark Cuban Chair to Eliminate Stupid Patents
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333 x149

https://www.eff.org/join