# EXHIBIT C



Aaron Jacobs
Prince Lobel
One International Place, Suite 3700
Boston, MA 02110

VIA EMAIL

**RE: Motions to seal documents, *Uniloc USA, Inc. v. Apple Inc.***

Dear Mr. Jacobs,

I write in response to your firm's emails of January 25, 2019 regarding the redaction and sealing of documents in *Uniloc USA, Inc. v. Apple Inc.*, Cases No. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA. On behalf of Uniloc, you proposed refiling the sealed and/or redacted documents on the Court's docket with considerably reduced redactions. You suggested that Uniloc might file a motion to reconsider the Court's January 17, 2019 order denying motions to seal (Doc. 159).[1] You shared documents with us showing what redactions and sealing Uniloc will ask the Court to uphold on a motion to reconsider. This letter explains EFF's position regarding your proposal.

EFF does not object to a brief stay of the Court's January 17, 2019 order denying motions to seal to allow the Court to evaluate a motion to reconsider by Uniloc. We request that any motion to reconsider places all of the documents you shared with EFF on the public docket as exhibits so that the public has immediate access to the information Uniloc now agrees does not need to be sealed.

With respect to the documents Uniloc proposes filing publicly with no redactions, EFF of course consents to their submission on the public docket. With respect to the documents Uniloc proposes submitting as public versions with redactions, EFF takes no position. While Uniloc has reduced the amount of withheld material, EFF has no reason to doubt the correctness of Judge Alsup's determination that none of this material warrants sealing, particularly where the underlying agreements relate to the "ownership of the ownership of the patents-in-suit — which grant said owner the right to *publicly* exclude others." Order at 2 (emphasis in original).

It is also difficult for EFF to judge whether all of the redactions are proper as we only have access to high-level descriptions of the withheld material. For example, EFF is concerned that the redactions to Doc. 135-2 are excessive (especially the redaction of even the names of licensees).

EFF objects to Uniloc's proposal that Documents 135-12, 147-4, and 147-7 be sealed in their entirety. Document 135-12 is a Patent Sale Agreement between Hewlett Packard Enterprise Development LP, Hewlett Packard Enterprise Company, and Uniloc

---

[1] Docket numbers correspond to Case No. C 18-00360 WHA.

815 EDDY STREET, SAN FRANCISCO, CA 94109 USA   phone +1.415.436.9333   fax +1.415.436.9993   eff.org

Aaron Jacobs
January 28, 2019
Page 2 of 2

Luxembourg S.A. Uniloc now contends that "HP is a third party to the litigation and has not approved disclosure of the terms." As EFF argued in its Motion to Intervene, the law does not allow for patent license or sale agreements to be withheld in their entirety. *See* EFF Motion to Intervene at 7-8. If HP contends that its confidential information is at risk of disclosure, it should intervene or at least submit a declaration in support. The same considerations apply to Document 147-4 which is a settlement agreement between Uniloc and Microsoft.

Uniloc characterizes Document 147-7 as an "employment" agreement concerning Crag S. Etchegoyen and suggests that it is not relevant to the merits of the motion to dismiss. But the briefing on Apple's motion strongly suggests otherwise. We note that Apple's reply brief suggests that this agreement includes terms regarding what kinds of licensing structures the relevant entities must apply. *See* Reply Brief at 12 (Doc. 147). In these circumstances, EFF is not convinced that the document is irrelevant or that it warrants anything close to sealing in full.

EFF again notes our disappointment that Uniloc did not reconsider its redactions until after EFF went to the considerable trouble of submitting a motion to intervene. EFF first contacted Uniloc to meet and confer about this issue on November 28, 2018. That left plenty of time for Uniloc to resubmit documents ahead of the January 10, 2019 hearing on Apple's motion to dismiss. It was immediately clear upon even a cursory review of the record that the initial sealing and redactions were excessive. The Court's unsealing order should not have come as a surprise to your client.

Since any motion to reconsider by Uniloc would render EFF's Motion to Intervene no longer moot, EFF believes that it would be appropriate for us to submit a short opposition to the motion to reconsider setting forth our position as stated in this letter.[2]

                    Very truly yours,

                    Daniel K. Nazer
                    Senior Staff Attorney

---

[2] Although it is implicit in the Court's order, it is our view that the Court denied EFF's initial motion (except for the purpose of opposing any appeal), on the grounds that it is moot since the Court had granted all of the relief our motion requested. EFF does not believe that the Court needs to be burdened with an additional motion to intervene, but if Uniloc objects to EFF submitting an opposition to its motion to reconsider, please let us know.