James J. Foster
Aaron S. Jacobs (CA No. 214953)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC 2017 LLC, UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.: 3:18-cv-00360-WHA <br> Case No.: 3:18-cv-00363-WHA <br> Case No.: 3:18-cv-00365-WHA <br> Case No.: 3:18-cv-00572-WHA <br><br> **PLAINTIFFS' OPPOSITION TO THE SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL** <br><br> **Date:** April 18, 2019 <br> **Time:** 8:00 a.m. <br> **Courtroom: 12, 19th Floor** <br> **Judge:** Hon. William Alsup |

PLAINTIFFS' OPPOSITION TO THE SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL

CASE NOS. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

3162729.v1

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................1

II.  FACTUAL BACKGROUND ..............................................................................................1

III.  LEGAL STANDARDS ........................................................................................................2

IV.  ARGUMENT .......................................................................................................................4

    A.  EFF'S SECOND MOTION SHOULD BE DENIED ......................................................4

    B.  PRECEDENT IN THIS CIRCUIT SUPPORTS SEALING THE DOCUMENTS ..........5

V.  CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Adv. Media Networks LLC v. Row 44, Inc.*,
  No. CV 12-11018, 2014 WL 10965229 (C.D. Cal. Oct. 28, 2014) ............................................. 5

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
  727 F.3d 1214 (Fed. Cir. 2013) ........................................................................................ passim

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
  No. 16-cv-00923, 2018 WL 2010622 (N.D. Cal. Apr. 30, 2018) .................................................. 3

*Asetek Danmark A/S v. CMI USA, Inc.*,
  No. 3:13-cv-00457, 2015 WL 12964641 (N.D. Cal. Oct. 19, 2015) ............................................. 4

*Clark v. Bunker*,
  453 F.2d 1006 (9th Cir. 1972) ............................................................................................... 3, 4

*Costco Wholesale Corp. v. Johnson & Johnson Care, Inc.*,
  No. 15-cv-00941, 2015 WL 2405486 (N.D. Cal. May 18, 2015) ................................................. 4

*France Telecom S.A. v. Marvell Semiconductor, Inc.*,
  No. 12-cv-04967, 2014 WL 4965995 (N.D. Cal. Oct. 3, 2014) ................................................ 4, 5

*In re Elec. Arts, Inc.*,
  298 Fed. Appx. 568 (9th Cir. 2008) .................................................................................. 3, 4, 5

*In re J.T. Thorpe, Inc.*,
  870 F.3d 1121 (9th Cir. 2017) .................................................................................................. 5

*Juicero, Inc. v. iTaste Co.*,
  No. 17-cv-01921, 2017 WL 8294276 (N.D. Cal. Jun. 28, 2017) ................................................. 3

*Kamakana v. City & Cty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ........................................................................................... 2, 3, 6

*Nixon v. Warner Comm.'s, Inc.*,
  435 U.S. 589 (1978) ................................................................................................................ 3, 5

*Philliben v. Uber Techs., Inc.*,
  No. 14-cv-05615, 2016 WL 9185000 (N.D. Cal. Apr. 15, 2016) ............................................ 4, 5

*Rodman v. Safeway, Inc.*,
  No. 11-cv-03003, 2014 WL 12787874 (N.D. Cal. Aug. 22, 2014) .......................................... 4, 6

*Transperfect Global, Inc. v. MotionPoint Corp.*,
  No. C 10-2590, 2014 WL 4950082 (N.D. Cal. Sept. 25, 2014) ................................................... 3

*Van v. Language Line Servs., Inc.*,
  2016 WL 3566980 (N.D. Cal. Jun. 6, 2016) ............................................................................ 4, 5

## I. INTRODUCTION

Plaintiffs, Uniloc 2017 LLC, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), respectfully submit this brief in opposition to the second motion of non-party Electronic Frontier Foundation ("EFF") to intervene in these cases for the purpose of opposing motions to seal.[1]  The Court has already denied EFF's first motion to intervene in this Court. *See* Dkt. No. 159 at 2.[2]  This second motion to intervene is a thinly-disguised request for reconsideration of the Court's denial of EFF's first motion to intervene.  As a result, and for the additional reasons set forth below, this second motion to intervene ("Motion" or "Mot.") should also should be denied.

## II. FACTUAL BACKGROUND

On October 25, 2018, Apple filed a motion to dismiss for lack of subject matter jurisdiction in each of these cases. *See*, *e.g.*, Dkt. No. 134.  Essentially, Apple argued that, via the terms of the financing agreements between Uniloc 2017 and third-party Fortress, certain rights were transferred to Fortress and the Uniloc entities therefore lacked standing to maintain these suits. *See* Dkt. No. 135.  In connection with the briefing on Apple's motion, the parties filed three Administrative Motions to Seal. *See* Dkt. Nos. 134, 141, 146.

On January 9, 2019, EFF moved to intervene for the purposes of opposing the parties' Administrative Motions to Seal. *See* Dkt. No. 360.  On January 17, 2019, the Court issued a sealed Order denying Apple's motion to dismiss.  On the same day, the Court issued an Order denying the motions to seal and denying EFF's motion to intervene (with the exception of permitting EFF to intervene in any appeal regarding the motions to seal). *See* Dkt. No. 159.[3]  The Court gave Uniloc two weeks within which to appeal the denial of the motions to seal. *Id.* at 2.

---

[1] Although filed as a motion to intervene, EFF includes substantive argument in support of its request to deny the motions to seal.  Accordingly, this opposition will likewise provide substantive argument regarding the motions to seal and will necessarily be largely repetitive of the arguments made in Uniloc's prior opposition (Dkt. No. 142) to EFF's first motion to intervene.

[2] Unless otherwise noted, all docket entries referenced herein are in the -360 case.

[3] As the Court's denial of EFF's motion to intervene was issued prior to the deadline for Uniloc to oppose the motion, Uniloc filed its opposition to the motion to intervene on January 23, 2019 (Dkt. No. 161) so that the record would be complete in the event an appeal is taken.

On February 15, 2019, Uniloc filed a motion for leave to file a motion for reconsideration of the Court's denial of the parties' motions to seal. *See* Dkt. No. 168.[4] As set forth therein, following the Court's denial of the motions to seal, Uniloc, Apple, EFF and third parties discussed whether or not certain documents/information for which sealing was requested could be made public. *Id.* As a result of those discussions, Uniloc, Apple and the third parties have agreed to allow a large amount of such information to be placed in the public file. *Id.* EFF agrees. *See* Mot. at 3 ("Uniloc has significantly reduced the amount of material it is asking to seal").

Nonetheless, some of the information is such that Uniloc and the third parties maintain their request that the information remain sealed. This information is specifically addressed in Uniloc's motion for reconsideration. *See* Dkt. No. 168-1 at 5-13. Importantly, with respect to EFF's second motion to intervene, this information for which sealing is still requested is simply a subset of the information for which sealing was requested in the motions to seal that were denied by the Court. As a result, the basis for EFF's second motion to intervene is the same as the basis for its first motion. Thus, for the reason the first motion was denied, the second motion to intervene should also be denied.

### III.  LEGAL STANDARDS

Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm the competitive interest." *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).[5] As the U.S. Supreme Court has stated, "the right to inspect and copy judicial records is not absolute" and "'the common law right of inspection has bowed before the power of a court to insure that its records' do not 'serve as . . . sources of business information

---

[4] The Court had previously granted Uniloc's request for an extension of time within which to seek appellate review or move for reconsideration. *See* Dkt. No. 163.

[5] EFF's attempt to have the sealed business documents unsealed in *Apple v. Samsung* was rejected. *See id.* at 1225-26.

| PLAINTIFFS' OPPOSITION TO THE SECOND MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL | 2 | CASE NOS. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA |

that might harm a litigant's competitive standing.'" *Nixon*Error! Bookmark not defined. *v. Warner Comm.'s, Inc.*, 435 U.S. 589, 598 (1978).  Thus, confidential business information the disclosure of which may harm a party competitively may be protected against disclosure to the public. *Apple v. Samsung*, 727 F.3d at 1221-28 (applying Ninth Circuit law).[6]

When the sealed documents relate to a dispositive motion, the Ninth Circuit applies a "compelling reasons" standard to determine whether documents should be sealed. *See*, *e.g.*, *Kamakana*, 447 F.3d at 1179.  Even under the compelling reasons standard, however, courts in this district have permitted documents containing valuable, competitive business information to be filed under seal. *See*, *e.g.*, *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923, 2018 WL 2010622 (N.D. Cal. Apr. 30, 2018); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921, 2017 WL 8294276 (N.D. Cal. Jun. 28, 2017); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590, 2014 WL 4950082 (N.D. Cal. Sept. 25, 2014).  In patent cases, financial information such as royalty rates in patent licenses has been sealed under the compelling reasons standard "because disclosure could create an asymmetry of information in the negotiation of future licensing deals." *See Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-CV-01846, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012).

Trade secrets also satisfy the "compelling reasons" standard for sealing court documents. *See Kamakana*, 447 F.3d at 1179.  The Ninth Circuit has adopted the Restatement of Torts' definition of "trade secret." *See Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *see also Apple v. Samsung*, 727 F.3d at 1222.  According to the Restatement, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Apple v. Samsung*, 727 F.3d at 1222 (quoting Restatement (First) of Torts § 757, cmt. b).  Thus, for example, "detailed plan[s] for the creation, promotion, financing, and sales of contracts" constitute trade secrets. *Clark v. Bunker*, 453 F.2d at 1009; *see also In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008).

---

[6] Regional circuit law applies to issue of sealing and unsealing judicial records. *Id.* at 1220.

Trade secrets may also relate to "other operations in [a] business." *Clark v. Bunker*, 453 F.2d at 1009. Accordingly, in *In re Elec. Arts*, the Ninth Circuit found error in the district court's denial of a request to seal "pricing terms, royalty rates, and guaranteed minimum payment terms found in a license agreement which were "plainly within the definition of trade secrets." *See Apple v. Samsung*, 727 F.3d at 1222.[7] Other non-public information regarding pricing strategy, business decision-making and financial records constitute trade secrets that may be sealed. *Rodman v. Safeway, Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014). In patent cases, the terms of licenses, including financial terms, constitute trade secrets and warrant sealing the agreements. *See*, *e.g.*, *France Telecom S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967, 2014 WL 4965995, at *3 (N.D. Cal. Oct. 3, 2014).

Similarly, compelling reasons exist to protect "confidential financial" records. *Van v. Language Line Servs., Inc.*, 2016 WL 3566980, at *2 (N.D. Cal. Jun. 6, 2016); *see also Philliben v. Uber Techs., Inc.*, No. 14-cv-05615, 2016 WL 9185000, at *3 (N.D. Cal. Apr. 15, 2016) (sealing information relating to customer base, revenues and fee calculations). Such financial information includes a party's confidential financial information relating to the calculation of damages. *See*, *e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, No. 3:13-cv-00457, 2015 WL 12964641, at *2 (N.D. Cal. Oct. 19, 2015); *see also Costco Wholesale Corp. v. Johnson & Johnson Care, Inc.*, No. 15-cv-00941, 2015 WL 2405486, at *2 (N.D. Cal. May 18, 2015) (sealing party's information relating to pricing terms).

### IV.   ARGUMENT

#### A.   EFF'S SECOND MOTION SHOULD BE DENIED

As set forth above, EFF agrees that "Uniloc has significantly reduced the amount of material it is asking to seal." *See* Mot. at 3. As explained in Uniloc's motion for reconsideration, these few remaining documents can properly remain sealed. *See* Dkt. No. 168-1 at 5-13. The Court has already denied EFF's first motion to intervene (except with respect to any appeal).

---

[7] The procedure for filing documents under seal in civil cases in this District is set forth in Local Rule 79-5. Uniloc submitted declarations in support of the requests to seal. *See* Dkt. Nos. 137, 141-1, 148, 167-1.

EFF's second motion, directed to a subset of the documents as to which its first motion was directed, is in reality a second bite at the apple and should likewise be denied for the reasons stated in Uniloc's motion for reconsideration.

### B. PRECEDENT IN THIS CIRCUIT SUPPORTS SEALING THE DOCUMENTS

As set forth in Section II of Uniloc's opposition to EFF's first motion to intervene (Dkt. No. 161), the documents for which EFF argues the motions to seal be denied comprise complex, non-public financing agreements entered into by private Uniloc entities and private Fortress entities and others, together with and related financial and licensing documents. More particularly, the few documents for which the request to seal remains are listed and discussed on pages 5-13 of Uniloc's motion for reconsideration. *See* Dkt. No. 168-1 at 5-13. As before, these documents relate to: (1) the financial agreements between Uniloc and Fortress; (2) financial records; (3) patent licenses; (4) a confidential settlement agreement (resolving a patent case between Uniloc and non-party Microsoft); (5) other business records. All such information has been held properly sealed under the "compelling reasons" standard of the Ninth Circuit.

The right to inspect and copy judicial records is not absolute" and "'the common law right of inspection has bowed before the power of a court to insure that its records' do not 'serve as . . . sources of business information that might harm a litigant's competitive standing.'" *Nixon v. Warner Comm.'s*, 435 U.S. at 598. Thus, a wide range of non-public financial and private business information, such as the above documents, have been found to be properly sealed under the "compelling reasons" standard. In *Van v. Language Line Servs.* 2016 WL 3566980, at *2 and *Philliben v. Uber Techs.*, 2016 WL 9185000, at *3, documents containing "confidential financial" information were sealed. In *France Telecom v. Marvell Semiconductor*, 2014 WL 4965995, at *3 and *In re Elec. Arts*, 298 Fed. Appx. at 569-70, terms of patent licensing agreements were sealed. As there is a strong public policy favoring the resolution of disputes in this Circuit (and elsewhere), *In re J.T. Thorpe, Inc.*, 870 F.3d 1121, 1136 (9th Cir. 2017), settlement agreements may properly be sealed. *Adv. Media Networks LLC v. Row 44, Inc.*, No. CV 12-11018, 2014 WL 10965229, at *2 (C.D. Cal. Oct. 28, 2014). Financial records may provide a compelling reason for

sealing documents. *See Rodman v. Safeway*, 2014 WL 12787874, at *2; *see also Van v. Language Line*, 2016 WL 3566980, at *2. A "compilation of information which is used in [Uniloc's] business" may be a trade secret, *Apple v. Samsung*, 727 F.3d at 1222, that can be sealed. *See Kamakana*, 447 F.3d at 1179. The remaining sealed documents are just the type of "business decision-making, and financial records, which would expose [Uniloc] to competitive harm if disclosed." *Rodman v. Safeway*, 2014 WL 12787874, at *2. Thus, sealing these few documents for which such relief is requested in Uniloc's motion for reconsideration is appropriate.

## V.     CONCLUSION

For the reasons set forth above, EFF's second motion to intervene should be denied.

Date:  March 25, 2019                                  Respectfully submitted,

*/s/ Aaron S. Jacobs*
James J. Foster
Aaron S. Jacobs (CA No. 214953)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651