1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    UNILOC 2017 LLC, *et al.*,                    No. C 18-00360 WHA
                                                    No. C 18-00363 WHA
10                                                  No. C 18-00365 WHA
                   Plaintiffs,                      No. C 18-00572 WHA
11
     v.                                             **ORDER ON MOTIONS FOR**
12                                                  **LEAVE TO FILE A MOTION FOR**
     APPLE INC.,                                    **RECONSIDERATION, TO FILE**
13                                                  **UNDER SEAL, AND TO**
                   Defendant.                       **INTERVENE AND ORDER**
14                                                  **VACATING HEARING**

15   _____/

16         Plaintiffs Uniloc 2017 LLC and Uniloc Luxembourg, S.A. move for leave to file a

17   motion for reconsideration of the order on sealing of order on motion to dismiss and to join

18   party and order on the administrative motions to file under seal and motion to intervene by the

19   Electronic Frontier Foundation (Dkt. No. 168).[1]  They further seek to file under seal (Dkt. No.

20   167).  After conferring with third-party Fortress Credit Co. LLC, plaintiffs now propose the

21   reduced number of redactions at issue.

22         For the reasons stated below, plaintiffs' motion for leave to file a motion for

23   reconsideration is **DENIED**.  Plaintiff's accompanying administrative motion to file under seal is

24   **DENIED**.  EFF's motion to intervene is **GRANTED** to the extent stated below and the hearing

25   scheduled for May 9 is hereby **VACATED**.

26         In connection with the motion to dismiss for lack of subject-matter jurisdiction, both

27   sides filed administrative motions to file under seal (Dkt. Nos. 134, 141, 146).  Here,

28

_____

[1] All docket numbers referenced herein relate to Case No. C 18-00360 WHA.

United States District Court

For the Northern District of California

1   "compelling reasons supported by specific factual findings that outweigh the general history of

2   access and the public policies favoring disclosure" are required to justify sealing. *Ctr. for Auto*

3   *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City & Cty. of*

4   *Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

5       This order reiterates the prior order denying plaintiffs' initial request to seal:

6   generalized assertions of potential competitive harm fail to outweigh the public's right to learn

7   of the ownership of the patents-in-suit, which patents grant said owner the right to *publicly*

8   exclude others (Dkt. No. 159 at 2). It also reiterates that this is particularly true where, as here,

9   the public has an especially strong interest in learning the machinations that bear on the issue of

10  standing in the patent context. Furthermore, the United States government bestows entities

11  such as Uniloc the right to control the use of the purported inventions at issue. Because

12  Uniloc's rights flow directly from this government-conferred power to exclude, the public in

13  turn has a strong interest in knowing the full extent of the terms and conditions involved in

14  Uniloc's exercise of its patent rights and in seeing the extent to which Uniloc's exercise of the

15  government grant affects commerce.

16      The impact of a patent on commerce is an important consideration of public interest.

17  One consideration is the issue of marking by licensees. Another is recognition of the validity

18  (or not) of the inventions. Another is in setting a reasonable royalty. In the latter context,

19  patent holders tend to demand in litigation a vastly bloated figure in "reasonably royalties"

20  compared to what they have earned in actual licenses of the same or comparable patents. There

21  is a public need to police this litigation gimmick via more public access. We should never

22  forget that every license has force and effect only because, in the first place, a patent constitutes

23  a public grant of exclusive rights.

24      Now turning to the instant motion for leave to file a motion to reconsider, the motion is

25  denied because the parties should have done it right from the outset rather than over-classifying

26  and then trying to get away with whatever they can on a motion to reconsider. This simply

27

28

2

guarantees at least two rounds of satellite litigation.  Once should be enough.  Next time, the parties will be more reasonable in light of the extent to which the instant motion is denied.[2]

The second reason is that plaintiffs still fail to give sufficient justification for the majority of their requested redactions.  Though Apple's motion to dismiss for lack of standing did not directly depend upon information regarding the specific dollar amounts, financial terms, and names of the licensees in the various agreements (with Fortress or third-party licensees), plaintiffs' supposed risk of (still) generalized competitive harm in future negotiations from disclosure did not and does not compellingly outweigh the public's interest in accessing this information for the reasons stated above (*see* Jacobs Decl. ¶¶ 2–4, 10–14, 16–18).

Plaintiffs' reliance on *Apple Inc. v. Samsung Electronics. Co. Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013), is unavailing, inasmuch as the parties there sought to seal *product*-specific financial information (such as costs, sales, profits, and profit margins), as opposed to the *licensing*-specific financial information at issue here.  *Id*. at 1223.  Plaintiffs here have no products to sell and thus their (alleged) risk of competitive harm is entirely distinguishable from that in *Apple*. Moreover, *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568 (9th Cir. 2008), is distinguishable, inasmuch as that case did not concern a license agreement in the patent context (which, as discussed above, implicates strong public interest).  Plaintiffs have not sufficiently shown that the information at issue constitutes trade secrets.

---

[2]  This order notes that plaintiffs enumerate various complaints in its briefing, none of which the Court is sympathetic to.  *First*, plaintiffs complain that the order on motions to seal was issued before they had a chance to respond to EFF's initial motion to intervene (Dkt. No. 168-1 at 1).  That order did not rely on EFF's motion in any way and thus plaintiffs' response would have been irrelevant in any event.

*Second*, plaintiffs grumble that when Apple filed its motion to dismiss for lack of subject-matter jurisdiction and the corresponding administrative motion to seal, they only had four days to submit a declaration in support of Apple's motion to seal and redact "more than 150 pages that accompanied Apple's motion to dismiss" (Dkt. No. 168 at 1).  The Court is unsympathetic to plaintiffs' suggestion that they lacked sufficient time to narrowly tailor the motion to seal, as they could have easily requested additional time to file their supporting declaration.  Moreover, plaintiffs have no one but themselves to blame for over-designating information as confidential to begin with.  They cannot now complain when confronted with an oppressive amount of information sought to be sealed as a consequence.  Because of the frequently overbroad requests to seal arising in patent litigation today, the Court itself must now deal with these burdensome motions to seal on a regular basis.

*Third*, nor is the Court sympathetic to plaintiffs' suggestion that another district court in Delaware has accepted under seal nearly the same set of documents (*ibid*.).  That district court's decision is not binding here. Nor does the United States Court of Appeals for the Third Circuit follow the same standard for sealing as our court of appeals.

United States District Court

For the Northern District of California

1    This order recognizes that the third-party licensees themselves have some interest in

2    redacting licensing information (including their identity) and a number of licensees have

3    declared their own risk of competitive harm upon disclosure to that effect.  While the licensees'

4    interest is understood, it does not surmount the hurdle of showing a compelling reason to seal

5    under these circumstances (*e.g.*, *id*. at ¶¶ 8–9; Exhs. G, X).

6    Plaintiffs further propose to redact information relating to a "confidential, proprietary

7    software platform" discussed in the license agreement between Uniloc 2017 LLC and Uniloc

8    Licensing USA (Jacobs Decl. ¶ 15).  Plaintiffs claim that disclosure of this information "would

9    be a competitive harm for Uniloc" (Jacobs Decl. ¶ 15; Exh. S).  This boilerplate assertion of

10   competitive harm fails to provide a compelling reason to seal.

11   Plaintiffs also seek to seal in its entirety an excerpt of the Heads of Agreement between

12   Fortress and Mr. Etchegoyen (*id*., Exh. Y).  The document describes "Mr. Etchegoyen's

13   responsibilities as the chief executive officer of several of the Uniloc entities, and is in this

14   respect akin to an employment agreement" and plaintiffs therefore claim that it is "private as to

15   him" (Dkt. No. 168-1 at 13; Jacobs Decl. ¶ 22).  This fails to provide a sufficiently compelling

16   reason supported by specific factual findings that overcome the presumption of access,

17   especially considering that plaintiffs seek to seal the *entire* document.

18   Accordingly, plaintiffs' motions for leave to file a motion for reconsideration and to file

19   under seal are **DENIED**.  Plaintiffs have **TWO WEEKS** to seek appellate review of this order to

20   obtain redactions, failing which each movant shall file unredacted versions of their documents

21   on the public docket by **MAY 22**.

22            *              *              *

23   A prior order granted EFF's first motion to intervene only to the extent that EFF be

24   allowed to oppose plaintiffs should the prior order on the parties' motions to seal be appealed

25   (Dkt. No. 159 at 2).  EFF now moves to intervene to oppose plaintiffs' motion for leave to file a

26   motion for reconsideration.  Again, the motion is **GRANTED** only for the purpose of opposing

27   plaintiffs if they appeal the instant order.  EFF's motion is otherwise **DENIED**.  Pursuant to Civil

28

Local Rule 7-1(b), this order finds EFF's motion to intervene suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for May 9.

**IT IS SO ORDERED.**

Dated:  May 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California